**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4160

MELVIN ADAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-93-102)

Submitted: September 28, 1999

Decided: October 12, 1999

Before HAMILTON, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Melvin Adams appeals the dismissal without a hearing of his claims of ineffective assistance of counsel, which were raised in a 28 U.S.C.A. § 2255 (West 1999) motion. Because we find that the record conclusively showed that Adams was not entitled to relief, we affirm the summary dismissal of the claims.[1]

We find that Adams failed to raise a material issue of fact necessitating a hearing on his claims of ineffective assistance.[2] Adams' main contention on appeal is that, against his wishes, his counsel refused to allow him to testify. However, Adams' contentions in the district court were conclusory and general. He did not allege how his attorney prevented him from testifying or whether he was aware of his absolute right to testify. An attorney's tactical decision in advising his client not to testify does not amount to ineffective assistance. See Hutchins v. Garrison, 724 F.2d 1425, 1436 (4th Cir. 1983). Further, Adams did not specifically allege what he would have testified about,

_____

[1] The Government contends that this court does not have jurisdiction over Adams' appeal because the order appealed from is not specifically referenced in the notice of appeal and because the notice of appeal is untimely. Because Adams' appeal is meritless, we will assume for purposes of this appeal only that Adams has properly and timely appealed the district court's order denying his claims of ineffective assistance.

[2] While the Government asserts that Adams' filings in the district court should not be considered, as they were unsworn, we find that there is some question as to whether Adams received the notice required under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), and, therefore, we considered all of Adams' assertions before ruling on his appeal. Because Adams has not contended that, had he been given proper notice, he would have submitted any further supporting evidence or affidavits, we find it unnecessary to resolve the issue of whether notice was actually received.

2

except to say that he wanted "to defend [himself] against the accusations" of a Government witness. This statement is vague and, even considered liberally together with the rest of the record, does not come near to satisfying Adams' burden of showing that counsel's refusal to allow him to testify resulted in his conviction. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Thus, this claim was properly dismissed without a hearing.

We have carefully reviewed Adams' remaining and numerous claims of ineffective assistance and find that he has failed to show prejudice from any of his counsel's alleged errors. Accordingly, we affirm the order of the district court granting summary judgment to the Government on these claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED